Br the Court.—Curtis, J.
Nearly all the questions in this case rest upon the facts that were fully and impartially considered and determined correctly on the trial. The action was brought to recover damages for the breach of a contract. The proofs on the part of the plaintiff, and the pleadings showed that he contracted verbally with the defendant to manufacture 'fifteen thousand of “Baker’s Patent Bolster Spring Bed,” at twenty cents each, the defendant to furnish the materials and the use of the machinery. The contract between the parties, as first made, provided that the plaintiff should procure a lease of the premises where the work was to be performed, and find security for the rent, and assign the lease to the defendant. The plaintiff procured the lease, found security, and handed it to the defendant, about the middle of April, 1872, who after retaining it two or three days, objected to the clause for renewal, and thereupon a modification was made of the contract, by which the price of the work was reduced to twenty cents a bed, and the defendant was to pay the rent of the premises. The reduction in the price to be paid on fifteen thousand beds, amounts to one hundred dollars less than the rent to be paid for the first year. The plaintiff procured a new lease, in accordance with the agreement between the parties at the time of the modification of the contract.
*25 On April 24 following, the plaintiff notified the defendant that this new lease was perfected and ready for his acceptance, and requested him to appoint a„ place where it could be accepted or transferred to him; but he refused, saying it was too late, and that he hired another place, raising no other objection. There was testimony on the part of the defendant that this lease was to have been in his name, and that he objected to receiving it also on that ground. There was a verdict for the plaintiff for seven hundred and fifty dollars!
The defendant claims that the evidence did not authorize any verdict for the plaintiff, and that.the complaint should have been dismissed. The questions of fact arising upon the conflicting statements of the parties were fairly submitted to the jury, and they found the plaintiff’s version to be the correct one. But the defendant urges that even upon plaintiff’s own showing he had no cause of action, because he failed to find security for the payment of the rent, and also failed to assign the lease. But it clearly appears that the defendant entered into a modification of the original contract, and undertook to pay the rent himself; a modification which necessarily relieved the plaintiff from finding security that he himself would pay it. As to the alleged failure by plaintiff to assign the lease to the defendant, the evidence shows that the defendant refused to accept it, claiming it was too late, and that it should have been made direct to him. The plaintiff seems to have .been diligent in attending to procuring the lease, and to have done all that was reasonable on his part in attempting to fulfill the contract.
The notice by the defendant to the plaintiff that he would not accept the lease, and his refusal to appoint a time and place for the transfer, superseded the necessity of any tender to the defendant of the assignment of the lease, and was in effect a waiver of it (Crary v. Smith, 2 N. Y. [2 Comst.] 65).
*26 The question as to whether the plaintiff procured the lease within a reasonable time after the contract was made, considering May 1 was approaching, when the defendant would have to get a place to do his business, was left to the jury, under the charge of the court, and without any objection, and it is now too late to raise any in respect to it, upon the argument of this appeal. The same may be said concerning the objection presented by the defendant on the argument, upon the question of damages. The instructions by the court to the jury on that subject were not excepted to by the defendant, nor was there any request made on his part for a different charge, and the jury manifestly followed the direction of the court. The exceptions to the admission of evidence in respect to the capacity of certain machinery, were not referred to in appellant’s points, nor were they urged on the argument, and they may therefore be deemed to have been abandoned.
■ The judgment and order appealed from should be affirmed.
Freedman and Speir, JJ., concurred.